# In the United States Court of Federal Claims

No. 22-1720C

(Filed: December 23, 2024)

|  |  |
|---|---|
| **GILBERT G. ARIZA, JR.,** | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) ) |
| **THE UNITED STATES,** | ) ) |
| *Defendant.* | ) ) ) |

## ORDER

On November 21, 2022, Plaintiff, Mr. Gilbert G. Ariza, Jr., filed a military pay claim in this Court. ECF No. 1. Several months later, this Court granted the government's unopposed motion to remand Mr. Ariza's case to the Army Board for the Correction of Military Records ("ABCMR" or the "Board"). ECF No. 9.

On remand, Mr. Ariza asked the ABCMR for the following relief:

- "Correction of his records to show his honorable retirement, vice under other than honorable conditions discharge, on 21 September 2021 or before, and in the rank of either sergeant first class (SFC/E-7) or staff sergeant (SSG/E-6)"
- "Alternatively, allow him to retire and permit the Grade Determination Review Board to consider all of the allegations against him"
- "Grant *any other relief* that may be just, proper, and fair, under the circumstances."

ECF No. 18 at 4 (emphasis added).[1] The ABCMR ultimately granted Mr. Ariza relief, as follows:

---

[1] Page numbers refer to the ECF-stamped page numbers contained in the header of the filed PDF document.

> [A]ll Department of the Army records of the individual concerned be corrected by:
>
> - Setting aside the applicant's administrative separation under chapter 14 of Army Regulation 635-200
> - Placing the applicant on the retired list in his retired grade of staff sergeant (SSG)/E-6 effective the date he was discharged with back retired pay
> - Issuing the applicant appropriate retirement orders and resultant DD Form 214 as a result of this correction

ECF No. 18 at 28.

Following the Board's decision, the parties filed a joint status report with this Court. ECF No. 23. In the parties' joint status report, Defendant, the United States, asserted that the case should be dismissed because Mr. Ariza had received all the relief he sought, while Mr. Ariza asked for more time "to review all of his records to ensure that all corrections have been made." ECF No. 23 at 2. Given Mr. Ariza's equivocation, this Court issued an order, instructing him to file:

> (1) a stipulation of dismissal; (2) a status report indicating that Plaintiff agrees with the government that he has received all of the relief to which he is entitled and, thus, his case should be dismissed as moot; or (3) a brief, not to exceed five pages, to SHOW CAUSE why Plaintiff's case should not be dismissed as moot.

ECF No. 24.

On November 6, 2024, Mr. Ariza responded to the Court's order, arguing that "he has not received effective relief that fully erases all errors." ECF No. 25 at 1. Specifically, Mr. Ariza asserted that his "federal criminal background records have not been corrected to reflect changes to his Army's [sic] records," and thus Mr. Ariza's "FBI records are the same as if the ABCMR never granted any relief." *Id.* at 2. He asked this Court to "allow him to petition the ABCMR about the corrections." *Id.*

Responding to Mr. Ariza's filing, the government characterized Mr. Ariza's remaining concern as a so-called "titling" claim — essentially, a request to remove his name from the Defense Central Index of Investigations ("DCII"), which is a database of

Department of Defense ("DoD") investigations. *See* DoD Instruction 5505.07. According to the government, this Court lacks jurisdiction over a titling claim because it is not "tied and subordinate to a money judgment." ECF No. 28 at 3 (quoting *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998), and discussing *Richardson v. United States*, No. 20-86C, 2022 WL 1744501, at *6 (Fed. Cl. May 31, 2022), *aff'd*, *Richardson v. United States*, No. 2022-2068, 2024 WL 1209048, at *3 (Fed Cir. Mar. 21, 2024)). In *Richardson*, Judge Lerner concluded that because "titling and administrative filings are not sufficiently related to the monetary components of the [Plaintiff's] reinstatement and promotion-related claims to be incidents of or collateral to them," this Court lacked jurisdiction. *Richardson*, 2022 WL 1744501 at *6.[2]

On December 19, 2024, this Court held a telephonic status conference to discuss the parties' respective positions. During the status conference, the parties agreed that this Court lacks the power to order the FBI to correct its federal criminal background records. According to counsel of record for Mr. Ariza, however, the DoD or Army has not corrected certain specific records that should have corrected in light of the ABCMR's decision. In that regard, the government appeared to admit that it is possible that some of Mr. Ariza's *military* records have not been corrected even though they should have been.

Thus, there are several questions the parties must answer for this Court to decide whether and/or how this case should proceed. First, precisely which military records does Mr. Ariza want corrected? Second, does this Court continue to possess jurisdiction over this case? The latter question involves determining whether the government can transform a plaintiff's proper money-mandating claim pursuant to the Tucker Act into one solely for equitable relief — over which this Court does not have jurisdiction — merely by unilaterally agreeing to pay a plaintiff what he or she sought in the original complaint. Assuming *that* question is answered in the affirmative, this Court would then

---

[2] Mr. Ariza also requested that this Court permit him to petition the ABCMR "to present additional information concerning his promotion to the rank of Sergeant First Class." ECF No. 25 at 2–3. As the government correctly points out, however, Mr. Ariza asked the Board to correct his records to show an honorable retirement "in the rank of *either* sergeant first class (SFC/E-7) *or* staff sergeant (SSG/E-6)," ECF No. 18 at 4 (emphasis added). Thus, Mr. Ariza has already obtained the relief he sought given that the Board chose to grant him one of the two alternative forms of relief he asked for.

have to decide whether this case should be transferred to a district court to decide any remaining equitable relief issues.[3]

None of the factual or legal issues these questions raise have been sufficiently briefed by the parties. And the Court hopes — and that the parties seem to agree — that further litigation may yet be avoided. Part of the problem is that counsel of record don't appear to have communicated with each other in sufficient detail. They certainly haven't done so with this Court. So, while the government has asserted there is nothing left for the Court to do here, the government has not filed a motion to dismiss for mootness. And while Mr. Ariza seems to think that there are additional military records that ought to be corrected — *i.e.*, beyond the ones the ABCMR already ordered to be corrected — Mr. Ariza in his latest filing only mentions FBI records.[4]

Thankfully, common sense appears to have prevailed such that during the status conference, the government agreed that this Court should not need to transfer this case to the district court for Mr. Ariza to have all his military records updated to reflect the ABCMR's decision. That said, and without knowing more specifics, it is impossible for this Court to determine the precise nature of Mr. Ariza's remaining claims, if any.

Accordingly, the parties are ordered to meet and confer regarding the military records that Mr. Ariza believes still must be corrected to make them consistent with the ABCMR's decision. The parties are instructed to file a joint status report by **February 7, 2025**, that identifies: (1) which military records Mr. Ariza still believes must be corrected, consistent with the ABCMR decision; (2) whether the government agrees to

---

[3] The Court need not decide these questions quite yet, however, although we note that if the ABCMR failed to grant Mr. Ariza relief sufficient to make him whole, this Court *may* have jurisdiction to order the Board to grant him full relief pursuant to the "half-a-loaf" doctrine. *See Collins v. United States*, 14 Ct. Cl. 746, 752 (1988) (citing *DeBow v. United States*, 434 F.2d 1333, 1335 (Ct. Cl. 1970)). The crux of that doctrine is that "military correction boards have an abiding moral sanction to determine, insofar as possible, the true nature of an alleged [error or] injustice and to take steps to grant thorough and fitting relief." *Muse v. United States*, 21 Cl. Ct. 592, 603 (1990) (citations omitted) (quoting *Yee v. United States*, 512 F.2d 1383, 1387–88 (Ct. Cl. 1975)). At this stage, however, it is not clear to the Court whether the half-a-loaf doctrine applies to Mr. Ariza's case.

[4] At the status conference, counsel for Mr. Ariza mentioned DA Form 4833 in particular. But that is confusing to this Court, because the ABCMR's opinion seems to indicate that Form 4833 *was* corrected. *See* ECF No. 18 at 25 ("CID made corrections to the DA Form 4833 (Commander's Report of Disciplinary or Administrative Action), dated 5 October 2018, and the final Report of Investigation in which the applicant had been titled. CID provided the applicant redacted versions of both documents.").

4

correct those records; and (3) a date by which those records will be corrected, assuming the government agrees to do so. Assuming the parties reach an agreement on those issues, this Court will stay this case until those actions are completed, at which time this case will be dismissed as moot. If the parties are unable to reach an agreement, the parties' joint status report shall propose a briefing schedule, pursuant to which the government may move to dismiss this case as moot, and Mr. Ariza may oppose that motion, seek further relief, and/or cross-move to transfer this case to a district court.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Judge
